IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSE GIDDINGS,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:21-cv-01841 |
| v. | : | |
| | : | (Judge Kane) |
| **SINES, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

On October 29, 2021, pro se Plaintiff Jesse Giddings ("Plaintiff"), who is presently incarcerated as a pretrial detainee at the Lycoming County Prison ("LCP") in Williamsport, Pennsylvania, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Correctional Officer Sines ("Sines"), Deputy Warden Ryan Barns ("Barns"), Warden Brad Shoemaker ("Shoemaker"), Lieutenant Harry Entz ("Entz"), Sergeants Cody Beck ("Beck") and Joseph Defransico ("Defransico"), Commissioners Scott Metzger ("Metzger"), Richard Mirabito ("Mirabito"), and Tony Mussare ("Mussare"), Nurses Malynn ("Malynn"), Kim ("Kim"), and Sheila ("Sheila"), and Doctor McGlauklyn ("McGlauklyn").  (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed in forma pauperis.  (Doc. No. 2.)  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's complaint.  For the reasons set forth below, the Court will grant Plaintiff leave to proceed in forma pauperis and dismiss his complaint with leave to amend.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

## I. BACKGROUND

In his complaint, Plaintiff alleges that on September 13, 2021, Officer Swain "kicked at [his] face while [he] was sitting on the floor of [his] cell and something from the sole of his boot went into [his] eye." (Doc. No. 1 at 7.) Plaintiff asked multiple corrections officers "to get [him] a nurse and white shirt and no one came to [his] aid." (Id.) Plaintiff also asked to be able to file a criminal complaint "and still didn't get any help." (Id.) Plaintiff avers that he asked Officers Koon and Kuhns, as well as trainee Officer Sicily. (Id.) Plaintiff "received a request slip from CO Farley and was told to write medical." (Id.) Plaintiff "wrote medical thinking [he] would receive some help and [he] still didn't get any help with the situation." (Id.) Based on the foregoing, Plaintiff asserts violations of his Eighth Amendment and Fourteenth Amendment rights. (Id. at 8.) Plaintiff seeks monetary relief, medical care for his eye, and "to make sure this officer can't do this to any other inmates." (Id.)

## II. LEGAL STANDARDS

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss

any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of

truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

    **B.**    **Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United

States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III.     DISCUSSION

#### A.     Plaintiff's Complaint

Plaintiff fails to state a claim for relief against any of the named Defendants because the complaint is devoid of any allegations related to them.  Thus, Plaintiff's complaint is subject to dismissal against the named Defendants for that reason alone.  See Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming the dismissal of one defendant because the complaint did not provide any basis for a claim against him); Robinson v. Wheary, No. 1:16-cv-2222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing the inmate-plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint").

As noted supra, the only individuals named in Plaintiff's complaint are Officers Swain, Koon, Kuhns, Sicily, and Farley.  (Doc. No. 1 at 7.)  While Plaintiff appears to set forth a plausible claim against Officer Swain, he has not named him as a Defendant in this matter.  Moreover, Plaintiff fails to allege how Officer Farley was involved in the alleged violations of his constitutional rights by providing a request slip for Plaintiff's use.  Finally, it is unclear as to how Officers Koon, Kuhns, and Sicily were involved.  To the extent that Plaintiff asked them to file a criminal complaint regarding Officer Swain's alleged behavior, he cannot maintain such a claim because Plaintiff lacks a cognizable interest in Officer Swain's punishment.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

### B. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court cannot conclude that it would be futile or prejudicial to permit Plaintiff to file an amended complaint that corrects the deficiencies identified herein. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts that he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

Plaintiff's amended complaint, however, may not include any claims that any individuals failed to initiate a criminal complaint against Officer Swain.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff leave to proceed in forma pauperis (Doc. No. 2) and dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an amended complaint, consistent with the Court's discussion herein.  An appropriate Order follows.