**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSE GIDDINGS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-cv-01841** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **SINES, et al.,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Before the Court is <u>pro se</u> Plaintiff Jesse Giddings ("Plaintiff")'s amended complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. No. 8.)  For the reasons set forth below, the Court will partially dismiss the amended complaint.

I.      **BACKGROUND**

On October 29, 2021, Plaintiff, who is presently incarcerated as a pretrial detainee at the Lycoming County Prison ("LCP") in Williamsport, Pennsylvania, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Correctional Officer Sines ("Sines"), Deputy Warden Ryan Barns ("Barns"), Warden Brad Shoemaker ("Shoemaker"), Lieutenant Harry Entz ("Entz"), Sergeants Cody Beck ("Beck") and Joseph Defransico ("Defransico"), Commissioners Scott Metzger ("Metzger"), Richard Mirabito ("Mirabito"), and Tony Mussare ("Mussare"), Nurses Malynn ("Malynn"), Kim ("Kim"), and Sheila ("Sheila"), and Doctor McGlauklyn ("McGlauklyn").  (Doc. No. 1.)  In his complaint, Plaintiff alleged that on September 13, 2021, Officer Swain "kicked at [his] face while [he] was sitting on the floor of [his] cell and something from the sole of his boot went into [his] eye."  (<u>Id.</u> at 7.)  Plaintiff asked multiple corrections officers "to get [him] a nurse and white shirt and no one came to [his] aid."  (<u>Id.</u>)  Plaintiff also asked to be able to file a criminal complaint "and still didn't get any help."  (<u>Id.</u>)  Plaintiff averred that he asked Officers Koon and Kuhns, as well as trainee Officer Sicily.

(Id.)  Plaintiff "received a request slip from CO Farley and was told to write medical."  (Id.)
Plaintiff "wrote medical thinking [he] would receive some help and [he] still didn't get any help
with the situation."  (Id.)  Based on the foregoing, Plaintiff asserted violations of his Eighth
Amendment and Fourteenth Amendment rights.  (Id. at 8.)

In a Memorandum and Order dated November 15, 2021, the Court granted Plaintiff leave
to proceed in forma pauperis and dismissed Plaintiff's complaint for failure to state a claim upon
which relief may be granted.  (Doc. Nos. 6, 7.)  Specifically, the Court concluded that: (1)
Plaintiff had failed to state a claim for relief against any of the named Defendants because the
complaint was devoid of any allegations related to them; (2) Plaintiff had not named Officer
Swain as a defendant in the above-captioned action; (3) Plaintiff failed to explain how Officer
Farley was involved in the alleged violations of his constitutional rights; (4) Plaintiff failed to
explain how Officers Koon, Kuhns, and Sicily were involved; and (5) Plaintiff lacked a
cognizable interest in Officer Swain's punishment.  (Doc. No. 6 at 5.)  The Court granted
Plaintiff leave to file an amended complaint within thirty (30) days.  (Doc. No. 7.)

Plaintiff filed his amended complaint on December 3, 2021.  (Doc. No. 8.)  Plaintiff
names Sines, Barns, Shoemaker, Entz, Defransico, Metzger, Mirabito, Mussare, Malynn, Kim,
Sheila, McGlauklyn, Lieutenant Kennelly ("Kennelly"), Lieutenant Rogers ("Rogers"), and
Nurse Andrea ("Andrea") as Defendants.  (Id. at 1-7.)  Plaintiff alleges that on September 13,
2021, Defendant Sines attempted to kick Plaintiff in his face while he was sitting on the floor in
his cell.  (Id. at 8.)  According to Plaintiff, Defendant Sines shouted, "Shut the f*** up n*****
before I kill you, f*** your grievance."  (Id.)  Plaintiff avers that something from the sole of
Defendant Sines' boot flew into his eye.  (Id.)  Plaintiff asked multiple officers to see a nurse,
and no one came to his aid.  (Id.)  Plaintiff wrote to sick call to no avail.  (Id.)  He avers that

2

Defendants Malynn, Kim, Sheila, Andrea, and McGlauklyn "disregarded their job description by not [coming] to take care of [him] medically."  (Id.)

Plaintiff alleges that Defendants Barns, Shoemaker, Kennelly, Defransico, Entz, and Rogers "all had the chance to help" because they "oversee the entire prison."  (Id.)  He avers that neither the Wardens nor any of the lieutenants "took it upon [themselves] to help [him] or see about [his] situation," even though Defendants Barns and Shoemaker "are the first and second step of the inmate grievance process."  (Id.)  Plaintiff initiated the grievance process by submitting a grievance to Defendant Barns on September 13, 2021.  (Id. at 9.)  He appealed the denial of that grievance to Defendant Shoemaker on October 3, 2021, and Defendant Shoemaker denied his appeal.  (Id.)  Plaintiff avers that the last step of the grievance process is to appeal to the Commissioners, Defendants Metzger, Mirabito, and Mussare, but that they neglected to address his issue.  (Id.)  Based on the foregoing, Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights.  (Id. at 10.)  He avers that his right eye "continues to get blurry" and that he is "constantly getting migrain[e] [headaches]."  (Id.)  As relief, he seeks monetary damages as well as for Defendant Sines to be fired "so that this same thing [does not] happen to any other inmates."  (Id.)  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's amended complaint.

## II.    LEGAL STANDARDS

### A.    Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

governmental entity." See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon

which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).

District courts have a similar screening obligation with respect to actions filed by prisoners

proceeding in forma pauperis and prisoners challenging prison conditions.  See id.

§ 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines

that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42

U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss

any action brought with respect to prison conditions under section 1983 of this title . . . by a

prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that

the action . . . fails to state a claim upon which relief can be granted.").

    In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the

standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid

dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show

that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v.

UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more

than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"

Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a

complaint, the Court accepts as true all factual allegations and all reasonable inferences that can

be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at

679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court

must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

## B.    Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors."  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

III.    DISCUSSION

A.    Plaintiff's Amended Complaint

1.    Eighth Amendment Claims

Plaintiff asserts that Defendants' actions violated his Eighth Amendment rights.  (Doc. No. 8 at 10.)  The Eighth Amendment, however, "was designed to protect those convicted of crimes and consequently the [Cruel and Unusual Punishments] Clause applies only after the State has complied with constitutional guarantees traditionally associated with criminal prosecutions."  See Whitley v. Albers, 475 U.S. 312, 318 (1986) (citation and internal quotations omitted).  Therefore, the Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until "after sentence and conviction."  See Graham v. Connor, 490 U.S. 386, 392 n.6 (1989).  As noted supra, Plaintiff indicates that he is a pretrial detainee.  The Eighth Amendment, therefore, does not apply in the instant case, and Plaintiff's Eighth Amendment claims will be dismissed.

### 2.      Claims Against Barns, Shoemaker, Kennelly, Entz, Defransico, Rogers, Metzger, Mirabito, and Mussare

Plaintiff appears to assert claims against Defendants Barns, Shoemaker, Metzger, Mirabito, and Mussare based upon their denial of his grievances regarding the incident with Defendant Sines.  (Doc. No. 8 at 8-9.)  Inmates, however, do not have a constitutional right to a grievance procedure.  See Gerholt v. Wetzel, 858 F. App'x 32, 34 (3d Cir. 2021) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Moreover, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance do not establish the involvement of officials and administrators in any underlying constitutional deprivation.  See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) (finding that "[t]he District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them"); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation).  Plaintiff's claims against these Defendants regarding the handling of his grievances will, therefore, be dismissed.

It also appears that Plaintiff may be asserting supervisory liability claims against Defendants Barns, Shoemaker, Kennelly, Defransico, Entz, and Rogers.  (Doc. No. 8 at 8.) Supervisors "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  See Iqbal, 556 U.S. at 676.  The Third Circuit has noted that there are two theories of supervisory liability applicable to claims brought pursuant to § 1983: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of

and acquiesced in his subordinates' violations"; and (2) policymakers may be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.'"  See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).  With respect to the second theory of liability, the plaintiff must allege that: "(1) the existing policy or practice created an unreasonable risk of [constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice."  See Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).  At a minimum, supervisory liability can be imposed "only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate."  See Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

   Upon review of Plaintiff's amended complaint, the Court concludes that it fails to set forth plausible supervisory liability claims against Defendants Barns, Shoemaker, Kennelly, Defransico, Entz, and Rogers.  The amended complaint is devoid of allegations that these Defendants had knowledge of and acquiesced in any alleged constitutional violations by their subordinates.  See A.M., 372 F.3d at 586.  Moreover, Plaintiff fails to identify a custom or policy that caused his alleged constitutional injury.  See McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009).  Accordingly, any supervisory liability claims against these Defendants will also be dismissed.

### 3.     Fourteenth Amendment Claims

#### a.     Excessive Force

Plaintiff alleges that on September 13, 2021, Defendant Sines attempted to kick Plaintiff in his face while he was sitting on the floor in his cell.  (Id. at 8.)  According to Plaintiff, Defendant Sines shouted, "Shut the f*** up n***** before I kill you, f*** your grievance."  (Id.)  Plaintiff avers that something from the sole of Defendant Sines' boot flew into his eye.  (Id.)

Because Plaintiff was a pretrial detainee during all relevant times, the Due Process Clause of the Fourteenth Amendment governs his excessive force claim.  See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (noting that "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment" (quoting Graham v. Conner, 490 U.S. 386, 395 n.10 (1989))).  To set forth a Fourteenth Amendment due process claim based on excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  See Jacobs v. Cumberland Cty., 8 F.4th 187, 194 (3d Cir. 2021) (quoting Kingsley, 576 U.S. at 396-97).  Courts consider the following factors to determine whether an officer used "objectively unreasonable" force:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

See id. (quoting Kingsley, 576 U.S. at 397).  The Court's reading of Plaintiff's amended complaint leads the Court to conclude that Plaintiff has set forth a plausible Fourteenth Amendment excessive force claim against Defendant Sines.  Accordingly, Plaintiff may proceed on that claim.

### b.      Failure to Provide Medical Care

As noted <u>supra</u>, Plaintiff alleges that he wrote to sick call, but that Defendants Malynn, Kim, Sheila, Andrea, and McGlauklyn all failed to provide medical care for Plaintiff's eye. (Doc. No. 8 at 8.)  Pretrial detainees' claims of inadequate medical care arise under the Fourteenth Amendment, rather than the Eighth Amendment.  <u>See Natale v. Camden Cty. Corr. Facility</u>, 318 F.3d 575, 581 (3d Cir. 2003).  The Supreme Court, however, has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment.  <u>See id.</u> (quoting <u>City of Revere v. Mass. Gen. Hosp.</u>, 463 U.S. 239, 244 (1983)).  In the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in <u>Estelle [v. Gamble</u>, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pretrial detainee is sufficient under the Fourteenth Amendment."  <u>See id.</u>  Accordingly, the Court will analyze Plaintiff's claim under the framework of the Eighth Amendment.  <u>See id.</u> at 582.

In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."  <u>See Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).  To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need.  <u>See Spruill v. Gillis</u>, 372 F.3d 218, 235 (3d Cir. 2004); <u>Natale</u>, 318 F.3d at 582.  The relevant inquiry is whether the defendant (1) was subjectively deliberately indifferent to (2) the plaintiff's

objectively serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994);

Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the Eighth Amendment test requires that the

defendant actually know of and disregard "an excessive risk to inmate health or safety."  See

Farmer, 511 U.S. at 837.  Circumstantial evidence can establish subjective knowledge if it shows

that the excessive risk was so obvious that the official must have known about it.  See Beers-

Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842).  The

Third Circuit has found deliberate indifference when a prison official: (1) knows of a prisoner's

need for medical treatment and intentionally refuses to provide it; (2) delays necessary medical

treatment for a non-medical reason; or (3) prevents a prisoner from receiving needed or

recommended medical treatment.  See Rouse, 182 F.3d at 197.  The Court's reading of Plaintiff's

amended complaint leads the court to conclude that Plaintiff has set forth a plausible Fourteenth

Amendment claim against Defendants Malynn, Kim, Sheila, Andrea, and McGlauklyn for failing

to provide any medical care.  Accordingly, Plaintiff may proceed on that claim.

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted

leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure

allow for amendments to be granted liberally in light of the "principle that the purpose of

pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182

(1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [or] futility of the amendment." See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).  Based on the foregoing, the Court concludes that it would be futile to permit Plaintiff to amend his Eighth Amendment claims, as well as his claims against Defendants Barns, Shoemaker, Entz, Defransico, Metzger, Mirabito, Mussare, Kennelly, and Rogers.  See Jones v. Unknown DOC Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that when an inmate-plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile").  The above-captioned action, therefore, will proceed as to Plaintiff's Fourteenth Amendment claims against Defendants Sines, Malynn, Kim, Sheila, Andrea, and McGlauklyn.

## IV.    CONCLUSION

For the foregoing reasons, the Court will partially dismiss Plaintiff's amended complaint (Doc. No. 8) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's Eighth Amendment claims, as well as his claims against Defendants Barns, Shoemaker, Entz, Defransico, Metzger, Mirabito, Mussare, Kennelly, and Rogers, will be dismissed with prejudice.  Plaintiff will not be permitted to file a second amended complaint.  The above-captioned action will proceed as to Plaintiff's Fourteenth Amendment claims against Defendants Sines, Malynn, Kim, Sheila, Andrea, and McGlauklyn. An appropriate Order follows.