**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSE GIDDINGS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-cv-01841** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **SINES, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the Court are the pending motions to dismiss, which have been filed by the medical defendants in the above-captioned action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 22, 23.) For the reasons set forth below, the Court will deny those motions and direct the medical defendants to answer the amended complaint.

## I. BACKGROUND

Plaintiff Jesse Giddings ("Giddings"), who is proceeding pro se and in forma pauperis, is presently incarcerated as a pretrial detainee at the Lycoming County Prison in Williamsport, Pennsylvania. (Doc. Nos. 1 at 3, 8 at 3.) He initially brought this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 against the following Defendants: Correctional Officer Sines ("Sines"); Deputy Warden Ryan Barns ("Barns"); Warden Brad Shoemaker ("Shoemaker"); Lieutenant Harry Entz ("Entz"); Sergeants Cody Beck ("Beck") and Joseph Defransico ("Defransico"); Commissioners Scott Metzger ("Metzger"), Richard Mirabito ("Mirabito"), and Tony Mussare ("Mussare"); Kim Poorman, RN ("Poorman"); Maelynne Murphy, LPN ("Murphy"); Sheila Lain, LPN ("Lain"); and Shawn P. McGlaughlin, M.D.

("McGlaughlin"). (Doc. No. 1.)[1] In the complaint, Plaintiff alleged that, on September 13, 2021, Correctional Officer Swain had "kicked at [his] face while [he] was sitting on the floor of [his] cell and something from the sole of [Swain's] boot went into [his] eye." (Id. at 7.) Plaintiff alleged that he asked multiple correctional officers "to get [him] a nurse and white shirt and no one came to [his] aid." (Id.) Plaintiff alleged that he asked to be able to file a criminal complaint "and still didn't get any help." (Id.) Plaintiff further alleged that he "ask[ed]" Correctional Officers Koon and Kuhns, as well as trainee Correctional Officer Sicily—although, Plaintiff did not specify what he asked of or from them. (Id.) In addition, Plaintiff alleged that he "received a request slip from [Correctional Officer] Farley and was told to write medical." (Id.) Plaintiff alleged that he "wrote medical[,] thinking [he] would receive some help and [he] still didn't get any help with the situation." (Id.) Based upon the foregoing allegations, Plaintiff asserted violations of his constitutional rights under the Eighth and Fourteenth Amendments. (Id. at 8.)

By Memorandum and Order dated November 15, 2021, the Court granted Plaintiff leave to proceed in forma pauperis and dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted. (Doc. Nos. 6, 7.) More specifically, the Court concluded that: (1) Plaintiff had failed to state a claim for relief against any of the named Defendants because the complaint was devoid of any allegations related to them; (2) even though Plaintiff appeared to set forth a plausible claim against Correctional Officer Swain, Plaintiff had not named Swain as a defendant in the complaint; (3) Plaintiff failed to allege how Correctional Officers Farley, Koon, Kuhns, and Sicily were involved in the alleged violations of his constitutional rights; and (4) to the extent that Plaintiff alleged that he had asked Correctional Officers Koon, Kuhns, and Sicily

[1] The Court has, to the extent that it could, taken the spelling of Defendants' names from their filings. The Clerk of Court will be directed to make these spelling changes in the caption of the Court's docket.

to file a criminal complaint regarding Correctional Officer Swain's alleged behavior, Plaintiff did not have a cognizable interest in Swain's punishment. (Doc. No. 6 at 5.) In connection with these findings, the Court dismissed Plaintiff's complaint, but without prejudice to him filing an amended complaint within thirty (30) days. (Doc. No. 7.)

On December 3, 2021, Plaintiff filed his amended complaint. (Doc. No. 8.) Plaintiff once again named Defendants Sines, Barns, Shoemaker, Entz, Defransico, Metzger, Mirabito, Mussare, Murphy, Poorman, Lain, and McGlaughlin. (Id. at 1-7.) Plaintiff also named Lieutenant Kennelly ("Kennelly"), Lieutenant Rogers ("Rogers"), and Andrea Hoover, LPN ("Hoover") as Defendants. (Id.) Plaintiff is currently proceeding on his amended complaint.

Plaintiff alleges that, on September 13, 2021, at around 11:57 a.m., Defendant Sines attempted to kick Plaintiff in his face while he was sitting on the floor in his cell. (Id. at 8.) According to Plaintiff, Defendant Sines shouted, "Shut the f*** up n***** before I kill you, f*** your grievance." (Id.) Plaintiff alleges that something from the sole of Defendant Sines' boot flew into his eye. (Id.) Plaintiff alleges that he asked "multiple officers" to see a nurse, but no one came to his aid. (Id.) Plaintiff alleges that he also "wrote to sick call," which is comprised of four (4) nurses and one doctor—i.e., Murphy, Lain, Poorman, Hoover, and McGlaughlin. (Doc. No. 8 at 8.) Plaintiff further alleges that, despite writing to all of these individuals about his eye injury, and despite them all having "the chance" to address his medical needs, none of them did so. (Id.) Instead, Plaintiff alleges that they all disregarded their jobs by not taking care of his medical needs. (Id.)

In addition, Plaintiff alleges that Defendants Barns, Shoemaker, Kennelly, Defransico, Entz, and Rogers "all had the chance to help" because they "over see [sic] the entire prison." (Id.) Plaintiff alleges that neither the Wardens nor any of the lieutenants "took it upon

theirselves [sic] to help [him] or see about [his] situation," even though Defendants Barns and Shoemaker "are the first and second step of the [i]nmate [g]rievance process[.]" (Id.) In seeming support, Plaintiff alleges that he submitted a grievance to Defendant Barns on September 13, 2021. (Id. at 9.) Plaintiff alleges that he appealed the denial of that grievance to Defendant Shoemaker on October 3, 2021, and that Defendant Shoemaker denied his appeal. (Id.) Plaintiff alleges that the last step of the grievance process is to appeal to the Commissioners, who were Defendants Metzger, Mirabito, and Mussare. (Id.) Plaintiff alleges that, even though these Defendants "had the chance to take care of [his] issue[,]" they all "neglectted [sic] their job disscription [sic]." (Id.)

Based upon the foregoing allegations, Plaintiff asserts violations of his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. (Id. at 10.) He claims that his right eye "continues to get blurry" and that he is "constantly getting migrain [sic] headace [sic]." (Id.) As for relief, Plaintiff seeks monetary damages as well as for Defendant Sines to be fired "so that this same thing [does not] happen to any other [i]nmates." (Id.)

By Memorandum and Order dated January 4, 2022, the Court partially dismissed Plaintiff's amended complaint for failure to state a claim upon which relief could be granted. (Doc. Nos. 10, 11.) More specifically, the Court dismissed Plaintiff's claims brought under the Eighth Amendment (Doc. No. 10 at 6), as well as Plaintiff's claims brought against Defendants Barns, Shoemaker, Kennelly, Entz Defransico, Rogers, Metzger, Mirabito, and Mussare (id. at 7-8). Plaintiff was not granted leave to amend these claims. (Id. at 11-12.) Plaintiff was permitted to proceed, however, on his Fourteenth Amendment excessive force claim against Defendant

Sines (id. at 9) and on his Fourteenth Amendment failure to provide medical care claims against Defendants Murphy, Poorman, Lain, Hoover, and McGlaughlin (id. at 10-11).

As a result, Court directed service of the amended complaint on these remaining Defendants. (Doc. No. 11 at 1.) On March 3, 2022, Defendant McGlaughlin filed a motion to dismiss the amended complaint (Doc. No. 22), followed by a brief in support thereof (Doc. No. 25). And, on March 7, 2022, Defendants Hoover, Poorman, Murphy, and Lain filed a motion to dismiss the amended complaint (Doc. No. 23), followed by a brief in support thereof (Doc. No. 26). As reflected by the Court's docket, Plaintiff has not filed a response to either motion.[2]

## II. LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims

[2] The Court will collectively refer to the moving Defendants as the "Medical Defendants."

are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

Plaintiff has filed his amended complaint pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights while incarcerated at the Lycoming County Prison. (Doc. No. 8.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

As previously explained by the Court (Doc. No. 10 at 10), a pretrial detainee's claim of inadequate medical care arises under the Fourteenth Amendment, rather than the Eighth Amendment. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). The Supreme Court has held, however, that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. See id. (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). Thus, in the context of claims for inadequate medical care, the Third Circuit Court of Appeals has "found no reason to apply a different standard than that set forth in Estelle [v. Gamble, 429

U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." See id. Accordingly, the Court will analyze Plaintiff's claim for failure to provide medical care under the framework of the Eighth Amendment. See id. at 582 (evaluating the pre-trial detainee's "Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment . . ." (citation omitted)).

In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based upon a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale, 318 F.3d at 582. The relevant inquiry is whether the defendant (1) was subjectively deliberately indifferent to (2) the plaintiff's objectively serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834-37 (1994); Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually knew of and disregard "an excessive risk to inmate health or safety." See Farmer, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842). The Third Circuit Court of Appeals has found deliberate indifference when a "prison official: (1) knows of a prisoner's need for medical treatment and intentionally refuses to provide it; (2)

delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." See Rouse, 182 F.3d at 197.

In the instant motions to dismiss, the Medical Defendants argue that Plaintiff's amended complaint fails to allege that they were deliberately indifferent to Plaintiff's medical needs. (Doc. Nos. 25 at 12-15, 26 at 10-12.) In particular, the Medical Defendants argue that, even if Plaintiff's alleged eye injury constitutes an objectively serious medical need, the amended complaint still does not contain any factual allegations to show that they knew of or disregarded that serious medical need. (Id.) The Court, however, is unpersuaded.

As set forth above, Plaintiff alleges that, after being injured by Defendant Sines, he "wrote to sick call," which is comprised of four (4) nurses and one doctor, all of whom Plaintiff has specifically identified and named as Defendants in this litigation—i.e., the Medical Defendants. (Doc. No. 8 at 8.) Plaintiff further alleges that, despite writing to all of these individuals about his eye injury, and despite them all having had "the chance" to address his medical needs, none of them did so. (Id.) Instead, Plaintiff alleges that they all disregarded their jobs by not taking care of Plaintiff's medical needs. (Id.)

Thus, accepting these allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds that the amended complaint has plausibly stated a claim for deliberate indifference, even if by the slimmest of margins. (Id. (alleging, essentially, that the Medical Defendants knew of Plaintiff's eye injury via his written request to "sick call," but disregarded that injury by not providing him with any treatment or assessment for that injury).) Additionally, the Court finds that discovery must be conducted in this case to determine the specific circumstances surrounding Plaintiff's written request to "sick call," as well as the extent of the Medical Defendants' knowledge of those circumstances and their responses to those

circumstances. After discovery is complete, and the record has been fully developed by the parties, both the Medical Defendants and Plaintiff will be provided the opportunity to file a motion for summary judgment.

Thus, the Court cannot conclude that Plaintiff has failed to state a plausible claim for deliberate indifference at this stage of the proceedings. The Court will, therefore, deny the Medical Defendants' pending motions to dismiss Plaintiff's Fourteenth Amendment claims for failure to provide medical care.[3]

## IV. CONCLUSION

Accordingly, for all of the foregoing reasons, the Court will deny the Medical Defendants' pending motions to dismiss. An appropriate Order follows.

---

[3] Given the Court's conclusion, it need not address the Medical Defendants' other argument—that the amended complaint has failed to allege their personal involvement in the asserted wrongdoing. (Doc. Nos. 25 at 10-12, 26 at 8-10.)